UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRES CO, LLC and D'ARRIGO BROS. CO. OF NEW YORK, INC., <br><br> Plaintiffs, <br><br> - against - <br><br> GRAMERCY PRODUCE INC., ANTHONY J. VIVACQUA, SR., ANTHONY J. VIVACQUA, JR. and SALVATORE V. VIVACQUA, <br><br> Defendants. | Case No. 22-cv-333 <br><br> **COMPLAINT** |

Plaintiffs Fres Co, LLC ("Fres Co") and D'Arrigo Bros. Co. of New York, Inc. ("D'Arrigo") (Fres Co and D'Arrigo collectively, "Plaintiffs") by and through undersigned counsel, as and for their complaint against defendants Gramercy Produce Inc. ("Gramercy Produce"), Anthony J. Vivacqua, Sr. ("AJV, Sr."), Anthony J. Vivacqua, Jr. ("AJV, Jr.") and Salvatore V. Vivacqua ("SVV") (Gramercy, AJV, Sr., AJV, Jr. and SVV collectively, "Defendants"), allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA") and 28 U.S.C. § 1331.

2. Venue in this district is based on 28 U.S.C. § 1391 in that a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

3. Plaintiff Fres Co is a New York limited liability company having a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale

- 1 -

quantities of fresh fruits and vegetables ("Produce") in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4. Plaintiff D'Arrigo is a New York corporation having a principal place of business in the Bronx, New York, engaged in the business of buying and selling Produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

5. Defendant Gramercy Produce is a New York corporation having its principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

6. Defendant AJV, Sr. is and was an officer, director and/or equity holder of Gramercy Produce during the period of time in question, controlled the operations of Gramercy Produce and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiffs.

7. Defendant AJV, Jr. is and was an officer, director and/or equity holder of Gramercy Produce during the period of time in question, controlled the operations of Gramercy Produce and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiffs.

8. Defendant SVV is and was an officer, director and/or equity holder of Gramercy Produce during the period of time in question, controlled the operations of Gramercy Produce and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiffs.

//

**GENERAL ALLEGATIONS**

9. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

10. Between December 6, 2019 and October 2, 2020, Fres Co sold and delivered to Gramercy Produce wholesale quantities of Produce that had been shipped in interstate commerce or contemplation thereof.

11. The Produce delivered to Gramercy Produce by Fres Co had an agreed upon value of $202,012.53.

12. Defendants failed to pay for the Produce when payment was due.

13. On October 30, 2020, Fres Co entered into a settlement agreement with Defendants pursuant to which Defendants agreed to pay Fres Co the past due debt in the amount of $185,046.53 in weekly installments of $3,000.00 each commencing on October 30, 2020 and continuing until January 7, 2022, at which time the full principal amount due Fres Co would have been paid in full.

14. Defendants defaulted in making the settlement payments due Fres Co, and currently owe Fres Co the principal amount of $72,071.51 under the settlement agreement.

15. Subsequent to entering into the settlement agreement with Defendants, Fres Co resumed selling produce to Defendants.

16. Between December 31, 2020 and March 24, 2021, Fres Co sold additional Produce to Defendants having an agreed upon value of $18,374.41.

17. Defendants have failed to pay for this additional Produce when payment was due, despite repeated demands, and presently owe Fres Co the aggregate principal amount of $90,445.92.

18. Between May 23, 2019 and September 19, 2019, D'Arrigo sold and delivered to Gramercy Produce wholesale quantities of Produce that had been shipped in interstate commerce or contemplation thereof.

19. The Produce delivered to Gramercy Produce by D'Arrigo had an agreed upon value of $137,532.00.

20. Defendants failed to pay for the Produce when payment was due.

21. In the fall of 2019, D'Arrigo entered into an oral settlement agreement with Defendants whereby Defendants would pay the past due amount owed to D'Arrigo in installments.

22. Defendants made partial payment to D'Arrigo pursuant to the oral settlement agreement and presently owe D'Arrigo the principal amount of $113,640.27 for the sales made in 2019.

23. After the beginning of the COVID pandemic, D'Arrigo opened a new account for Gramercy Produce.

24. Between October 15, 2020 and January 29, 2021, D'Arrigo sold and delivered to Gramercy Produce wholesale quantities of Produce that had been shipped in interstate commerce or contemplation thereof.

25. The Produce delivered to Gramercy Produce by D'Arrigo under the new account had an agreed upon value of $44,966.19.

26. Defendants failed to pay for the Produce delivered under the new account when payment was due, despite repeated demands, leaving a balance due under the new account of $44,938.19. Defendants presently owe D'Arrigo the aggregate principal amount of $158,578.46.

27. At the time of receipt of the Produce, Plaintiffs became beneficiaries in a statutory trust designed to assure payment to Produce suppliers. The trust consists of all Produce or Produce-

related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of Defendants since the creation of the trust.

28. Each of the Plaintiffs preserved its respective interest in the PACA trust in the aggregate principal amount of $249,024.38 by issuing invoices to Gramercy Produce for all of the Produce they delivered to Defendants which contain the statutory language required by 7 U.S.C. § 499e(c)(4).

29. Each of the Plaintiffs remains a beneficiary of the PACA trust until full payment is made for the Produce.

30. Defendants' failure, refusal, and inability to pay Plaintiffs demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiffs and are dissipating trust assets.

### AS AND FOR A FIRST CAUSE OF ACTION BY PLAINTIFFS AGAINST ALL DEFENDANTS
(Injunctive Relief)

31. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32. Defendants' failure to make payment to Plaintiffs of trust funds in the aggregate amount of $249,024.38 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

33. Pursuant to PACA and the prevailing cases, Plaintiffs are entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiffs, and requiring the turnover to Plaintiffs of PACA trust funds in the possession of third parties.

//

### AS AND FOR A SECOND CAUSE OF ACTION
### BY PLAINTIFFS AGAINST ALL DEFENDANTS
(Failure to Make Prompt Payment of Trust Funds)

34. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 33 above as if fully set forth herein.

35. Defendants received each of the Produce shipments on which this action is based.

36. Defendants are required to promptly tender to Plaintiffs full payment for those shipments pursuant to PACA.

37. Defendants failed and refused to pay for the Produce supplied by Plaintiffs within the payment terms agreed to between the Parties.

38. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiffs have incurred damages in the aggregate amount of $249,024.38, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION
### BY PLAINTIFFS AGAINST DEFENDANT AJV, SR.
(Unlawful Dissipation of Trust Assets by a Corporate Official)

39. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 38 above as if fully set forth herein.

40. Defendant AJV, Sr. is an officer, director and/or equity holder of Gramercy Produce who operated Gramercy Produce during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

41. Defendant AJV, Sr. failed to direct Gramercy Produce to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiffs for the Produce they supplied.

42. Defendant AJV, Sr. knew or should have known that at all relevant times Gramercy Produce was in breach of the PACA trust.

43. Defendant AJV, Sr.'s failure to direct Gramercy Produce to maintain PACA trust assets and pay Plaintiffs for the Produce they supplied was an unlawful dissipation of trust assets by a corporate official.

44. Defendant AJV, Sr. participated in Gramercy Produce's breach of the PACA trust.

45. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the statutory trust and have been denied payment for the Produce they supplied.

### AS AND FOR A FOURTH CAUSE OF ACTION
### BY PLAINTIFFS AGAINST DEFENDANT AJV, JR.
(Unlawful Dissipation of Trust Assets by a Corporate Official)

46. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 45 above as if fully set forth herein.

47. Defendant AJV, Jr. is an officer, director and/or equity holder of Gramercy Produce who operated Gramercy Produce during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

48. Defendant AJV, Jr. failed to direct Gramercy Produce to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiffs for the Produce they supplied.

49. Defendant AJV, Jr. knew or should have known that at all relevant times Gramercy Produce was in breach of the PACA trust.

50. Defendant AJV, Jr.'s failure to direct Gramercy Produce to maintain PACA trust assets and pay Plaintiffs for the Produce they supplied was an unlawful dissipation of trust assets by a corporate official.

51. Defendant AJV, Jr. participated in Gramercy Produce's breach of the PACA trust.

52. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the statutory trust and have been denied payment for the Produce they supplied.

## AS AND FOR A FIFTH CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT SVV
(Unlawful Dissipation of Trust Assets by a Corporate Official)

53. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 52 above as if fully set forth herein.

54. Defendant SVV is an officer, director and/or equity holder of Gramercy Produce who operated Gramercy Produce during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

55. Defendant SVV failed to direct Gramercy Produce to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiffs for the Produce they supplied.

56. Defendant SVV knew or should have known that at all relevant times Gramercy Produce was in breach of the PACA trust.

57. Defendant SVV's failure to direct Gramercy Produce to maintain PACA trust assets and pay Plaintiffs for the Produce they supplied was an unlawful dissipation of trust assets by a corporate official.

58. Defendant SVV participated in Gramercy Produce's breach of the PACA trust.

59. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the statutory trust and have been denied payment for the Produce they supplied.

### AS AND FOR A SIXTH CAUSE OF ACTION
### BY PLAINTIFFS AGAINST GRAMERCY PRODUCE
(Failure to Pay For Goods Sold)

60. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 59 above as if fully set forth herein.

61. Gramercy Produce failed and refused to pay Plaintiffs the aggregate amount of $249,024.38 owed to Plaintiffs for Produce it received from Plaintiffs.

62. As a direct and proximate result of Gramercy Produce's failure to pay promptly, Plaintiffs have incurred damages in the aggregate principal amount of $249,024.38, plus interest, costs and attorneys' fees.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### BY PLAINTIFFS AGAINST GRAMERCY PRODUCE
(Breach of Contract)

63. Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 62 above as if fully set forth herein.

64. Gramercy Produce received Plaintiffs' invoices without objection on or about the dates indicated on the faces of the invoices.

65. Plaintiffs' invoices to Gramercy Produce constitute valid and enforceable agreements between the Parties.

66. Gramercy Produce breached the terms of the invoices by failing to timely remit payment for the Produce it received from Plaintiffs.

67. Plaintiffs have performed all the duties, obligations and conditions precedent on their part to be performed under the invoices.

68. As a direct and proximate result of the breach of contract by Gramercy Produce, Plaintiffs have suffered damages in the aggregate principal amount of $249,024.38, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### BY FRES CO AGAINST AJV, JR.
(Breach of Personal Guaranty)

69. Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 68 above as if fully set forth herein.

70. As an inducement to allow Gramercy Produce to purchase Produce from Fres Co on credit, AJV, Jr. gave Fres Co a personal guaranty of payment and performance of all obligations of Gramercy Produce.

71. Fres Co agreed to sell Produce to Gramercy Produce, in part, in reliance on AJV, Jr.'s personal guaranty of payment and performance.

72. AJV, Jr. has failed and refused to pay the debt due Fres Co from Gramercy Produce despite due demand.

73. As a direct and proximate result of AJV's failure to comply with his obligations under the personal guaranty, Fres Co has suffered damages in the principal amount of $90,445.92, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A NINTH CAUSE OF ACTION
### BY PLAINTIFFS AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

74. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 73 above as if fully set forth herein.

75. PACA and Plaintiffs' invoices entitle Plaintiffs to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

76. As a result of Defendants' continued failure to make full payment promptly in the aggregate principal amount of $249,024.38, Plaintiffs have been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiffs request the following relief:

A. On the first cause of action, preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiffs, and requiring the turnover to Plaintiffs of PACA trust funds in the possession of third parties;

B. On the second cause of action, judgment in favor of Plaintiffs and against all Defendants, jointly and severally, in the aggregate principal amount of $249,024.38 under the trust provisions of PACA;

C. On the third cause of action, judgment in favor of Plaintiffs and against AJV, Sr. in the aggregate principal amount of $249,024.38 under the trust provisions of PACA;

D. On the fourth cause of action, judgment in favor of Plaintiffs and against AJV, Jr. in the aggregate principal amount of $249,024.38 under the trust provisions of PACA;

E. On the fifth cause of action, judgment in favor of Plaintiffs and against SVV in the aggregate principal amount of $249,024.38 under the trust provisions of PACA;

F. On the sixth cause of action, judgment in favor of Plaintiffs and against Gramercy Produce in the aggregate principal amount of $249,024.38;

G. On the seventh cause of action, judgment in favor of Plaintiffs and against Gramercy

Produce in the aggregate principal amount of $249,024.38;

      H.      On the eighth cause of action, judgment in favor of Fres Co and against AJV, Jr. in the principal amount of $90,445.92;

      I.      On the ninth cause of action, judgment against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

      J.      Such other and further relief as the Court deems just and proper.

Dated: January 13, 2022              Respectfully submitted,

                                  McCARRON & DIESS
                                  Attorneys for Plaintiffs

                         By:  /s/ Gregory Brown
                               Gregory Brown
                               576 Broadhollow Road, Suite 105
                               Melville, New York 11747
                               Phone:      (631) 425-8110
                               Fax:        (202) 364-2731
                               gbrown@mccarronlaw.com